PEOPLE *v* ROBERT WILLIAMS

1. CRIMINAL LAW—CONSTITUTIONAL LAW—PRELIMINARY EXAMINA-
   TION—ASSISTANCE OF COUNSEL.
   Denial of the right to counsel at the preliminary examination
   is not, *per se,* reversible error.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—PRELIMINARY EXAMINA-
   TION—ASSISTANCE OF COUNSEL.
   The United States Supreme Court decision that a criminal
   defendant has a constitutional right to the assistance of
   counsel at his preliminary examination is given only prospec-
   tive application.

Appeal from Ingham, Marvin J. Salmon, J. Sub-
mitted Division 2 January 5, 1972, at Lansing.
(Docket No. 11709.) Decided March 29, 1972. Leave
to appeal denied, 387 Mich 797.

Robert Williams was convicted of first-degree mur-
der. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Raymond L. Scodel-
ler,* Prosecuting Attorney, and *James R. Ramsey,*
Assistant Prosecuting Attorney, for the people.

Robert Williams, *in propria persona.*

Before: LESINSKI, C. J., and MCGREGOR and QUINN,
JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 312 *et seq.*

PER CURIAM. On December 19, 1957, defendant was convicted by a jury of first degree murder. MCLA 750.316; MSA 28.548. On December 27, 1957, defendant was sentenced to life imprisonment. Subsequently, defendant *in propria persona* and by appointed counsel filed a large number of motions and petitions.[1] Finally, on September 2, 1970, the defend-

---

[1] On May 16, 1958, the defendant *in propria persona* filed a motion for leave to file delayed motion for new trial, and memorandum brief in support of motion for a new trial. Denied on June 20, 1958.

On July 14, 1958, the defendant *in propria persona* filed a motion for writ of certiorari. Denied on the same date.

On August 25, 1958, the defendant *in propria persona* filed an amended motion for rehearing. Denied on September 8, 1958.

On January 12, 1959, the defendant *in propria persona* filed a petition for writ of mandamus and an order to show cause. Denied on January 21, 1959.

On January 26, 1959, the defendant *in propria persona* filed a petition for writ of habeas corpus ad testificandum. Denied January 28, 1959.

Apparently, the defendant *in propria persona* also filed a petition requesting polygraph proceeding, because on July 14, 1959, an order was entered denying such a petition.

On September 22, 1964, an order was filed in the Ingham County Circuit Court appointing William L. Mackay as counsel for defendant Williams.

On September 23, 1964, the defendant, through his appointed counsel, filed a petition requesting the transcript of the trial court proceedings. Granted on the same date.

On January 18, 1966, the defendant, through his appointed attorney, filed a motion for new trial. Denied on January 24, 1966.

On February 8, 1966, the defendant, through his appointed attorney, filed a motion to require the Ingham County Prosecuting Attorney's Office to conduct a search for an alleged eyewitness who had not been produced at trial. Denied on March 10, 1966.

In 1966, the defendant, through his appointed counsel, filed an application for delayed appeal. On July 22, 1966, the Michigan Court of Appeals denied such an application for "lack of meritorious grounds for granting same".

In 1966, the defendant, through his appointed attorney, also filed a petition for writ of habeas corpus with ancillary writ of certiorari. On November 7, 1966, the Michigan Supreme Court, having considered and treated said petition and writ as an application for delayed appeal, denied said application. (378 Mich 738.)

On August 31, 1967, the defendant *in propria persona* filed a petition for writ of habeas corpus. On September 5, 1969, the Michigan Court of Appeals denied said petition for lack of merit.

On July 9, 1970, the defendant *in propria persona* filed an application for order granting a *Walker* hearing. Denied on July 9, 1970.

ant *in propria persona* filed an application for "leave to file delayed motion of new trial", a "delayed motion of new trial", and a "petition for rehearing on Walker rule". On May 3, 1971, an order was entered denying the application. Defendant appealed from this order of the circuit court and, on July 21, 1971, this Court granted his application for leave to file a delayed appeal of his 1957 conviction of first-degree murder.

On appeal, defendant contends that he was denied his constitutional right of assistance of counsel at his preliminary examination, and that this denial constitutes reversible error. Defendant's preliminary examination was held on September 25, 1957.

In *Coleman* v *Alabama*, 399 US 1; 90 S Ct 1999; 26 L Ed 2d 387 (1970), the United States Supreme Court held that preliminary examination is a critical stage in a criminal proceeding and requires the assistance of counsel. The denial of counsel at the preliminary examination is not, *per se,* reversible error. In *Coleman,* the Court remanded the case back to the Alabama courts to determine whether or not the denial of counsel was harmless error under *Chapman* v *California,* 386 US 18; 87 S Ct 824; 17 L Ed 2d 705; 24 ALR3d 1065 (1967).

Moreover, the Court did not make its holding in *Coleman* retroactive and, as yet, has not directly passed on the question of whether or not *Coleman* is to be applied retroactively.[2]

In *People* v *Rufus Williams,* 386 Mich 277, 286 (1971), the Michigan Supreme Court held that *Coleman* applies prospectively only. See also *People* v *Adams,* 46 Ill 2d 200; 263 NE2d 490 (1970); *Phillips* v *North Carolina,* 433 F2d 659 (CA 4, 1970); *Konvalin* v *Sigler,* 431 F2d 1156 (CA 8, 1970).

[2] See *Wetzel* v *North Carolina,* 399 US 934; 90 S Ct 2250; 26 L Ed 2d 805 (1970).

A careful review of the record reveals that defendant's other allegations of error are without merit.

Affirmed.